ams

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>TROY DEVON FENNELL, )<br>)<br>Defendant. )<br>_____) | Case No. 00-40010-01-JAR |

## MEMORANDUM AND ORDER

Before the Court is defendant's Motion to Reduce Sentence (Doc. 129). In his motion, defendant contends that an amendment to the sentencing guidelines, made subsequent to his re-sentencing, should apply to him and reduce his sentence from 135 months' imprisonment to 120 months. As described more fully below, defendant's motion is denied.

18 U.S.C. § 3582 provides that the Court may modify a term of imprisonment:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Defendant urges that Amendment 709 to the United States Sentencing Guidelines ("USSG"), effective on November 1, 2007, revised the computation of his criminal history score downward.

Defendant was re-sentenced on May 30, 2006 to a term of 135 months' imprisonment. In

1

calculating the applicable guidelines range, the Presentence Report ("PSR") calculated an offense level of 34 and a criminal history category of IV; he was assessed 8 total criminal history points. The criminal convictions set forth in the PSR resulted in a subtotal criminal history score of 8. However, only 4 points out of the 6 assessed under § 4A1.1(c) could be counted. At the time the instant offense was committed, the defendant was on probation in Compton, CA Municipal Court Case No. 9CM06940. Therefore, pursuant to U.S.S.G. § 4A1.1(d), two points were added, producing a total of 8 criminal history points.

Defendant takes issue with the 4 points assessed in paragraphs 43, 44, 46, and 47 under § 4A1.1(c) of the PSR. All of the four sentences involved less than 30 days jail time and imposed exactly 1 year probation. Amendment 709 revised § 4A1.2(c), defining which sentences are counted and excluded as a prior sentence. Sentences for all felony offenses are counted. At the time defendant was re-sentenced, the provision defined a countable prior sentence as a misdemeanor or petty offense that involved a sentence of "at least one year or a term of imprisonment of at least thirty days."[1] Amendment 709 revised this provision by striking "at least one" and inserting "more than one."[2] Defendant has submitted the docket sheet from Compton, California Municipal Case No. 91M12040, showing that he was sentenced to twelve months' probation and twenty days of jail time for this misdemeanor offense.[3] Under the amended guidelines provision, if all four sentences were for misdemeanor offenses, defendant would not be assessed any points for these sentences. His criminal history score, therefore,

---

[1] U.S. Sentencing Guidelines Manual § 4A1.2(c)(1) (2005).

[2] U.S. Sentencing Guidelines Manual app. C (2009).

[3] (Doc. 129, App. B.) The PSR reflects that the defendant was sentenced to 30 days of jail time and 1 year probation.

2

would have been 6, rather than 8, and his criminal history category would have been III.

But defendant's motion to reduce sentence under 18 U.S.C. § 3582 is unavailing. Amendment 709 is not on the list of retroactive amendments provided in U.S.S.G. § 1B1.10(c), so it may not form the basis of a reduction in sentence.[4] Defendant contends that this amendment's absence from the list in § 1B1.10(c) is immaterial because it is a "clarifying amendment." The Tenth Circuit has previously explained:

> Both parties argue that the district court can nevertheless give retroactive effect to Amendment 632 if it is clarifying rather than substantive-they dispute only whether it is clarifying or substantive. The premise is mistaken, however. The question whether an amendment to the guidelines is clarifying or substantive goes to whether a defendant was correctly sentenced under the guidelines in the first place, not to whether a correct sentence has subsequently been reduced by an amendment to the guidelines and can be modified in a proceeding under § 3582(c)(2). An argument that a sentence was incorrectly imposed should be raised on direct appeal or in a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. *Cf. United States v. Thompson*, 281 F.3d 1088, 1089, 1092-93 (10th Cir.) (direct appeal), *cert. denied*, 537 U.S. 875, 123 S.Ct. 288, 154 L.Ed.2d 127 (2002); *United States v. Kissick*, 69 F.3d 1048, 1051-53 (10th Cir.1995) (§ 2255). Because defendant proceeded exclusively under § 3582(c)(2), we have no occasion to consider whether Amendment 632 was clarifying or substantive and the district court should not have reached the question. Amendment 632 is not listed in § 1B1.10(c), and a reduction of defendant's sentence under § 3582(c)(2) was "not authorized." § 1B1.10(a).[5]

For the same reasons described by the court in *United States v. Torres-Aquino*, this Court should not give retroactive effect to Amendment 709 even if it were to determine that it is clarifying, rather than substantive. It is not listed as a retroactive amendment in § 1B1.10(c) and, therefore, defendant's motion to reduce sentence on this basis is not authorized.

---

[4]*See* U.S. Sentencing Guidelines Manual § 1B1.10(a).

[5]*United States v. Torres-Aquino*, 334 F.3d 939, 941 (10th Cir. 2003).

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion to Reduce Sentence (Doc. 129) is **denied**.

Dated: January 7, 2010

                                           S/ Julie A. Robinson
                                           JULIE A. ROBINSON
                                           UNITED STATES DISTRICT JUDGE